IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | |
|---|---|
| **BILLY JAMES FLEMING,** | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action No. 5:14-16418 |
| **BECKLEY POLICE DEPT.,** *et al.*, | ) |
| **Defendants.** | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

On May 14, 2014, Plaintiff, acting *pro se*[1] and incarcerated at Parkersburg Correctional Center, in Parkersburg, West Virginia, filed his Complaint claiming entitlement to relief pursuant to 42 U.S.C. § 1983. (Document No. 2.) Plaintiff names the following as Defendants: (1) Beckley Police Department; (2) Corporal T.M. Capehart; (3) Officer K. Park; (4) Officer Blume; (5) Officer Snuffer; and (6) K-9 Unit Officer. (Id.) Plaintiff alleges that Defendants used excessive force during his arrest on or about January 16, 2014. (Id., p. 5.) First, Plaintiff alleges that he was "targeted" and racially "profiled" by the Raleigh County Police Department. (Id.) Plaintiff explains that he believes he was "targeted" because of "his background and race, or because the defamation of character by other police officers who may have slandered his name because of the charges in his past." (Id.) As a result, Plaintiff states that Defendants "unlawfully tasered, beat, and kicked [him] in the face and ribs multiple times" during his arrest on January 16, 2014. (Id.) Plaintiff further claims that Defendants refused to provided him with medical treatment following their improper use of force. (Id.) Plaintiff explains that he "was taken back to the police head quarters where he was forced to sit in his own urine for about two hours before transportation to the Southern Regional Jail." (Id.) Plaintiff requests

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

monetary and injunctive relief. (Id., p. 6.)

On May 23, 2014, the undersigned granted Plaintiff's Application to Proceed Without Prepayment of Fees and directed the Clerk to issue process upon Defendants. (Document No. 5.) On June 10, 2014, Defendants filed their Answer to Plaintiff's Complaint. (Document No. 13.) On June 25, 2014, Plaintiff filed his "Motion to Dismiss Defendant's Answer to Complaint and to Grant Counselor Attorney for Plaintiff." (Document No. 14.) Defendants filed their Response in Opposition on July 8, 2014. (Document No. 16.) By Order entered on July 9, 2014, the undersigned denied Plaintiff's "Motion to Dismiss Defendant's Answer to Complaint and to Grant Counselor Attorney for Plaintiff." (Document No. (Document No. 17.)

On March 17, 2015, Defendants filed a "Motion to Set Case for Bench Trial." (Document No. 19.) In support, Defendants state as follows:

(1) The Defendants obtained medical records from the time period that the Plaintiff has been incarcerated pursuant to a properly executed Medical Authorization from the Plaintiff.

(2) The Defendants do not believe that any further discovery would be beneficial, and thus, believe the matter is ripe from trial.

(3) The Defendants are agreeable to a bench trial in lieu of a jury trial in order to expeditiously bring this case to resolution and remove it from the Court's docket.

(4) The Defendants consent to a bench trial before the Honorable Irene C. Berger or the Honorable R. Clarke VanDervort.

(Id.) By Order entered on June 23, 2015, the undersigned directed Plaintiff to file a Response to Defendants' "Motion to Set Case for Bench Trial" by July 10, 2015. (Document No. 20.) Specifically, the undersigned directed that in "responding to Defendants' Motion, Plaintiff shall notify the Court as to the following: (1) Whether Plaintiff wishes to waive his right to a jury trial and proceed with a bench trial; and (2) Whether Plaintiff wishes to consent to proceeding before a Untied

States Magistrate Judge." (Id.) Plaintiff has failed to file a response.

## ANALYSIS

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to dismiss an action for a *pro se* Plaintiff's failure to prosecute *sua sponte*.[2] See Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962). Rule 41.1 of the Local Rules provides:

> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

> (i) the degree of personal responsibility of the plaintiff;
> (ii) the amount of prejudice caused the defendant,
> (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
> (iv) the existence of a sanction less drastic than dismissal.

---

[2] Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). In consideration of the first factor, the Court finds that the delays in this case are attributable solely to Plaintiff as Defendants have filed their Answer and a "Motion to Set Case for Bench Trial." Plaintiff has failed to respond to Defendants' foregoing Motion even though this Court has entered an Order directing him to file such a Response. Plaintiff, therefore, is the sole cause of the delays in this action. With respect to the second and third factors, the record is void of further evidence indicating that Plaintiff has a history of "deliberately proceeding in a dilatory fashion" or that the Defendants have been prejudiced by the delays in this case.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Plaintiff that should not be invoked lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against against Plaintiff would be unjust in view of Plaintiff's status as a *pro se*, indigent litigant. Moreover, explicit warnings of dismissal would be ineffective in view of Plaintiff's failure to respond to the undersigned's Order entered more than three months ago directing him to file a response to Defendants' "Motion to Set Case for Bench Trial." (Document No. 20.) In consideration of all factors, the undersigned concludes that dismissal for failure to prosecute is warranted. Accordingly, the undersigned recommends that this action be dismissed without prejudice unless Plaintiff is able to show good cause for his failure to prosecute.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Defendants' "Motion to Set Case for Bench Trial" (Document No. 19), **DISMISS** Plaintiff's Complaint (Document No. 2) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: October 6, 2015.

R. Clarke VanDervort
United States Magistrate Judge