IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

BILLY JAMES FLEMING,

        Plaintiff,

v.                                        CIVIL ACTION NO.   5:14-cv-16418

BECKLEY POLICE DEPT., et al.

        Defendants.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the Plaintiff's *Complaint* (Document 2), the Magistrate Judge's *Proposed Findings and Recommendation* (PF&R) (Document 21), and the Plaintiff's *Objections* (Document 22). For the reasons set forth herein, the Court finds that the Magistrate Judge's PF&R should be adopted, and the Plaintiff's objections overruled.

## PROCEDURAL HISTORY

On May 14, 2014, the Plaintiff, then in custody at the Southern Regional Jail in Beaver, West Virginia, initiated the present action with the filing of his complaint. The Plaintiff alleged that on or about January 16, 2014, he was "targeted" by the Beckley, West Virginia, Police Department. (Pl.'s Complaint, at 5.) According to the Plaintiff, he was "[r]acially profiled, unlawfully tasered, [and] beat[en] and kicked in the face and ribs multiple times." (*Id*.) He further alleged that he was denied medical care and subjected to inhumane treatment while awaiting transport from the Beckley Police Department to the Southern Regional Jail. (*Id*.) The Plaintiff alleged that he was targeted by the Beckley Police because of race and background. (*Id*.) The

Plaintiff alleged that his treatment violated the Eighth Amendment's prohibition against cruel and unusual punishment. (*Id*.)

The Defendants answered the complaint on June 10, 2014, denying all of the allegations. The Defendants subsequently supplemented their answer with a demand for a jury trial. The Magistrate Judge denied various procedural motions by the Plaintiff. On March 17, 2015, the Defendants moved to set the case for bench trial. On June 23, 2015, Magistrate Judge VanDervort entered an *Order* (Document 20) directing the Plaintiff to file a response to the motion for a bench trial no later than July 10, 2015. The Plaintiff failed to comply with the order, and on October 6, 2015, the Magistrate Judge filed his PF&R. The Magistrate Judge focused on Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure, which authorize district courts to dismiss, *sua sponte*, actions by a *pro se* plaintiff for failure to prosecute an action. (PF&R, at 3.) While recognizing that such a dismissal was a "severe sanction against [the] Plaintiff that should not be taken lightly," the Magistrate Judge applied the four-factor test for a Rule 41(b) dismissal set forth in *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989), and found that the delays in prosecuting this action were solely attributable to the Plaintiff. (*Id*. at 3-4.) The Magistrate Judge, therefore, recommended that this Court dismiss the Plaintiff's action. (Id. at 4-5.)

The Plaintiff timely filed his *Objections* on October 19, 2015. The Plaintiff claimed that he "never got any paperwork" about responding to the Defendant's motion to set the case for bench trial, but that he had received a "certification of service" regarding the motion. (Pl.'s Objections, at 1.) He further indicated that since filing his Complaint, he had "moved [from] place to place," and that he had been in the custody of various state and local law enforcement departments. (*Id*.)

## DISCUSSION

Federal Rule of Civil Procedure 41(b) provides:

> (b) **Involuntary Dismissal; Effect**. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

Fed.R.Civ.P. 41(b). Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia provides:

> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Local Rule of Civil Procedure 41.1. The Fourth Circuit has set forth a four-factor test for district courts to apply when determining whether to dismiss a case for want of prosecution. Under *Ballard*, district courts must weigh (1) the degree of personal responsibility of the plaintiff; (2) the amount of prejudice caused to the defendant; (3) the existence of a history of deliberately proceeding in a dilatory fashion; and (4) the existence of a sanction less drastic than dismissal." *Ballard*, 882 F.2d at 95.

In this case, it is indisputable that the delays in the prosecution of the Plaintiff's claim are attributable solely to the Plaintiff. The record reveals that by letter dated June 26, 2014, the Plaintiff advised the Clerk of the Court that his address had changed and that subsequent correspondence should be sent to him at the Prunytown Correctional Center in Grafton, West Virginia. (Document 15). On March 17, 2015, the Defendants moved to set the case for bench

trial.  When the Plaintiff failed to respond to that motion for over three months, the Magistrate Judge ordered the Plaintiff to respond by July 10, 2015.  The Plaintiff also failed to respond to the Magistrate Judge's order.  After patiently waiting nearly three months after the deadline for the Plaintiff to respond to his June 23, 2015 *Order*, the Magistrate Judge filed his PF&R recommending that this case be involuntarily dismissed.  Only then, when his action was in jeopardy, did the Plaintiff find it convenient to communicate with the Court.  Moreover, in his *Objections*, the Plaintiff fails to provide good cause for his delay.  While the Plaintiff may have moved from "place to place," the Plaintiff had previously shown the ability to advise the Court when he changed his mailing address,[1] and the Court finds no reason why any subsequent failure to do so should be excused.  Moreover, the Court finds no evidence that the Plaintiff was not properly served with either the Defendant's motion to set the case for bench trial or the Magistrate Judge's order directing him to respond to said motion.  Thus, the Court finds that the first of the *Ballard* factors clearly weighs in favor of involuntary dismissal.

The remaining *Ballard* factors also weigh clearly in favor of involuntary dismissal.  It is indisputable that the Plaintiff's procrastination in prosecuting this action has resulted in an undue and unfair burden on the Defendants.  The Plaintiff's failure to timely proceed on this action has not only resulted in unnecessary expense and delay, but also ensured that the Defendants linger under the cloud of potential civil liability far longer than necessary.  It is similarly indisputable that the Plaintiff has a history of deliberate dawdling in responding to directives from this Court.  In 2015, the Plaintiff failed to respond to *any* directives from this Court for over seven months.

---

1   The Court observes that the Magistrate Judge's Order (Document 17) denying the Plaintiff's *Motion to Dismiss the Defendants Answer to the Complaint and to Grant Counselor Attorney for the Plaintiff* (Document 14), was returned as undeliverable, and subsequently forwarded to the Plaintiff's new address at Pruntytown Correctional Center.  However, no other communications to the Plaintiff from the Court, including the motions and orders at issue here, were returned as undeliverable.

Finally, the Court is aware of no other appropriate sanction to rectify the Plaintiff's foot-dragging in this case. The Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a harsh sanction against the Plaintiff, and should not be lightly invoked. However, the particular circumstances of this case do not warrant a lesser sanction. As the Plaintiff is *pro se*, fines, costs, or damages would be ineffective. Moreover, the Plaintiff's failure to respond to the Magistrate Judge's Order of June 23, 2015, shows that warnings of dismissal would be similarly ineffective. Thus, the Court finds that the Magistrate Judge was correct in recommending that this Court invoke Local Rule 41.1, and involuntarily dismiss this action.

## CONCLUSION

Wherefore, after careful consideration, the Court **ORDERS** that the Magistrate Judge's Proposed Findings and Recommendation be **ADOPTED** and that this action be **DISMISSED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: February 17, 2016

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA